UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD A. COOPER, a/k/a Ronnie A. Walker, | ) ) | C/A No. 4:12-1732-MGL-TER |
| Petitioner, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| WILLIE EAGLETON, | ) ) | |
| Respondent. | ) ) ) ) ) | |

Petitioner, Ronald A. Cooper (Petitioner/Cooper), is currently incarcerated at Ridgeland Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 26, 2012. Respondent filed a motion for summary judgment on October 9, 2012, along with a return, supporting memorandum and exhibits. (Docs. #23 and #24). The undersigned issued an order filed October 10, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #25). Petitioner filed a response on November 16, 2012.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted, in part verbatim.

The Petitioner is presently incarcerated at the Ridge land Correctional Institution[1] pursuant to orders of commitment from the Clerk of Court for Harry County. The Petitioner was indicted in July 2008 for trafficking in cocaine (2008-GS-26-2658 - under the name Ronald A. Cooper) and possession with intent to distribute ("PWID") marijuana (2008-GS-26-2657 - under the name Ronnie A. Walker). Cezar E. McKnight, Esquire, represented the Petitioner. On May 20, 2009, a suppression hearing was held concerning the admission of drugs seized after the traffic stop on December 17, 2007. Judge Cottingham denied the motion to suppress. App.p. 41.

Later that day, the Petitioner entered a plea of guilty to both charges, pursuant to sentence recommendations by the State. He was sentenced by the Honorable Edward B. Cottingham to seven years for trafficking in cocaine, and five years for PWID marijuana, with the sentences to run concurrently. Commencement of his sentence was delayed until June 3, 2009. No direct appeal was filed.

<u>First PCR Application</u>

The Petitioner filed his first Application for post-conviction relief on August 20, 2009 (2009-CP-26-8140). Petitioner raised the following issues:

(1) There was no probable cause for traffic stop, evidence seized was tainted;

(2) Ineffective assistance of counsel, including failure to file notice of appeal from the guilty plea; and

(3) Trial judge erred in improperly failing to ascertain that plea was voluntary.

App.p. 51-59. The State made a Return on September 18, 2009. App.p. 62. An evidentiary hearing was convened before the Honorable Benjamin H. Culbertson on February 8, 2010. The Petitioner was present in court and represented by Paul Archer, Esquire. The Respondent was represented by Christina J. Catoe, Assistant Attorney General. App.p. 67-88. (Although the PCR Application listed only the trafficking in cocaine charge, the hearing was held regarding both convictions since the convictions occurred at the same time and as a part of the same guilty plea.).

At the conclusion of the evidentiary hearing, Judge Culbertson orally denied relief, requesting that a proposed order be submitted. App.p. 87. On March 4, 2010, Judge Culbertson issued a written Order of Dismissal With Prejudice. App.p. 93-99.

A timely notice of appeal was filed on the Petitioner's behalf to the South Carolina Supreme Court. In the PCR appeal, he was represented by Robert M. Pachak, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On July 29, 2010, appellate counsel Pachak made a "Johnson Petition for Writ of Certiorari" and petition to be relieved as appellate counsel pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), asserting as the sole arguable ground: "whether there was sufficient evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal?" Johnson Petition, p. 2. On September 1, 2010, Cooper made a *pro se* petition for a writ of certiorari asserting as his two issues presented:

    I.      "The PCR judge erred in improperly failing to recognized an unlawful search and seizure without warrant did violated the Petitioner Fourth Amendment Rights of the U.S. Constitution?"
    II.    Did Petitioner Counsel on Appeal Fail to Raise a Meritorious Issue on Appeal?

"Pro Se"*Petition for a Writ of Certiorari*, p. 2. On December 10, 2010, Petition made a pro se "Writ of Certiorari." On September 22, 2011, the Supreme Court of South Carolina issued is order denying

the petition for writ of certiorari and granting appellate counsel's request to be relieved. The Supreme Court issued its Remittitur on October 10, 2011.

Second PCR application

The Petitioner filed a second PCR application on May 27, 2010, while the initial PCR was pending on appeal. In this pro se petition, Cooper challenged only his PWID marijuana conviction, and he alleged that his custody was unlawful for the following reasons:

1. Ineffective assistance of counsel - counsel failed to determine whether the court had subject matter jurisdiction (see # 2 below); and

2. Lack of subject matter jurisdiction - because this was the Petitioner's first PWID marijuana offense, the Court lacked subject matter jurisdiction to sentence the Petitioner to a sentence above 30 days and a fine.

The Petitioner stated that he was seeking a new trial. The respondent made a return and motion to dismiss on July 8, 2010, asserting that the subject matter jurisdiction claim lacked merit as a matter of state law and that the petition should be dismissed as impermissibly successive and barred by the statute of limitations. On July 15, 2010, the Honorable Steven H. John entered a Conditional Order of Dismissal, provisionally dismissing the entire application with prejudice as without merit on the subject matter jurisdiction claim and barred as successive to the initial PCR application and time barred under S.C. Code Ann. Section 17-27-45.  On November 1, 2010, Judge John filed his Final Order of Dismissal, dated October 29, 2010.  No appeal was taken from the denial.

**STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## HABEAS ALLEGATIONS

Petitioner filed his petition on September 28, 2012, in which Petitioner raises the following allegations:

GROUND ONE:           "Illegal search and seizure" (4th amendment violation)
                      "Involuntary guilty plea."

SUPPORTING FACTS: 1). The initial stop was invalid as police created probable cause and therefore the subsequent arrest and search are invalid. 2). The arrest of Mr. Cooper on the word of C.I. alone without a warrant is invalid and therefore the search incident to that arrest is invalid; and 3) the entire transaction is exactly the sort of police attempts to circumvent the (4th Amendment) warrant requirement the exclusionary rule is intended to deter.

GROUND TWO:           "Ineffective assistance of trial counsel."

SUPPORTING FACTS:     Trial counsel failed to file an appeal.

(Petition).

## PROCEDURAL BAR

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

Ground One

In Ground One, Petitioner argues that he was subjected to an illegal search and seizure at the December 17, 2007, arrest. Petitioner argues that it was a pretext stop because the CI was in agreement with the police to commit an illegal lane change and the police had placed an open

7

container in the vehicle as part of the arrangement. Respondent argues that this issue was raised at a suppression hearing prior to the entry of the guilty plea and denied. Further, Respondent asserts that any Fourth Amendment claim was specifically abandoned as a matter of state law when he waived his right to appeal the issue and entered a guilty plea. Respondent states that Petitioner attempted to raise the issue anew in the state PCR proceeding but it was barred as a matter of state law from being asserted in a PCR setting. Thus, Respondent argues there is no state remedy available for him to raise this issue as a free-standing 4th Amendment claim. Additionally, Respondent asserts that this issue was abandoned when he entered a negotiated guilty plea on the charges admitting his guilt which acts as a conclusive waiver of all non-jurisdictional defects and defenses, including any challenge to a search and seizure.

A federal court will not grant habeas relief based on a Fourth Amendment violation if "the State has provided an opportunity for full and fair litigation" of the claim. Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In this case, Petitioner raised the search issue at trial by way of a motion to suppress which was denied. Thus, he was provided an opportunity for litigation of his Fourth Amendment claim. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground One.

Ground Two

In Ground Two, Petitioner argues that his trial counsel was ineffective for failing to file a notice of appeal from the guilty plea. Respondent argues this ground should be denied as he has failed in his burden of proof to show any 6th Amendment violation.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

>would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

At the PCR hearing, the PCR judge concluded that Petitioner was not entitled to a belated appeal and that the plea was knowing and voluntary pursuant to the recommendations. (Tr. 97-98).

In Roe v. Flores–Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court recognized two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal. The first scenario occurs when "a lawyer ... disregards specific instructions from the defendant to file a notice of appeal." Id. at 477, 120 S.Ct. 1029. Where such a claim is established, the lawyer is *per se* deficient. Id. The second scenario occurs when trial counsel fails to consult with a defendant about an appeal and there was a "constitutionally imposed duty" to do so. Id. at 480, 120 S.Ct. 1029. The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.; see also Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir.2009). The Court gave an example of when failing to file an appeal without consulting might not be constitutionally deficient: a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. U.S. v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, supra).

In this case, Plaintiff pleaded guilty to the charges. He admitted his guilt in open court. (Tr. 44). Further, Petitioner was aware that by entering a guilty plea, he would be waiving any rights he had to again present the issue of illegal search and seizure and the suppression of that evidence. (Tr. 43). At the PCR hearing, trial counsel testified that he conveyed to Petitioner that by pleading guilty he would be giving up his right to challenge the Fourth Amendment issue on appeal. (Tr. 81). Additionally, Petitioner stated at the PCR hearing that he had not asked his counsel to appeal the guilty plea (Tr. 74), and counsel confirmed that his client did not ask him to appeal the guilty plea. (Tr. 82). Therefore, the evidence does not show that Petitioner expressed interest in appealing his guilty plea. Petitioner entered a plea with the recommendation that the sentences run concurrent and with the knowledge that the trial judge would order the minimum sentence of 7 years which he received and with the understanding that he was waiving any right he had to again present the issue with regard to an illegal search and seizure. Further, Petitioner has not set forth any nonfrivolous grounds for appeal; nor has he made any allegations that he would have instructed his attorney to appeal had he advised Petitioner that there was no basis to appeal. Therefore, Petitioner has failed to meet the Roe v. Flores-Ortega test.

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #24) be GRANTED, and that the Petitioner's Petition for Writ of Habeas Corpus be DENIED, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 24, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**