# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Ronald A. Cooper, a/k/a Ronnie A. Walker, ) | Civil Action No.: 4:12-1732-MGL |
| ) | |
| Petitioner, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| Willie Eagleton, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Respondent Willie Eagleton's ("Respondent) Motion for Summary Judgment (ECF No. 23) in response to Petitioner Ronald A. Cooper's ("Petitioner") Petition for Writ of Habeas Corpus filed in accordance with 28 U.S.C. § 2254 (ECF No. 1). Petitioner is a state inmate in the South Carolina Department of Corrections ("SCDC") housed at Ridgeland Correctional Institution in Ridgeland, South Carolina. He filed this petition, proceeding *pro se,* on June 26, 2012.

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina, this case was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation. On October 10, 2102, a *Roseboro* Order (ECF No. 25) was entered advising Petitioner of the Summary Judgment Procedures. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 25.) The Magistrate Judge issued a Report and Recommendation ("Report") on April 24, 2013, recommending that the Respondent's Motion for Summary Judgment be granted. (ECF No. 29). Petitioner submitted timely objections (ECF No. 32) to the Magistrate Judge's Report. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates it herein without a recitation.

## **DISCUSSION**

### **A. Standard of Review**

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### **B. Objections**

Plaintiff filed timely objections to the Report on May 16, 2013. (ECF NO. 32). In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed.R.Civ.P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir.1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir.1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the

court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir.1983).

Upon review, the court finds that many of Petitioner's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to glean two specific objections. Petitioner alleges that the Magistrate Judge erred by (1) failing to address Petitioner's involuntary guilty plea claim and (2) failing to consider Petitioner's ineffective assistance of counsel claim for failing to move to disqualify the trial judge for alleged judicial misconduct. (ECF No. 32).

Contrary to Petitioner's assertion, the Magistrate Judge did address Petitioner's involuntary guilty plea claim in conjunction with the Report's discussion on Petitioner's ineffective assistance of counsel claim. (ECF No. 29 at 11). The Magistrate Judge noted that Petitioner admitted his guilt in open court, was aware that by entering a plea, he would be waiving any rights . . . ." *Id.*

[I]n order to be valid, a plea of guilty must be knowingly and voluntarily made." *Sargent v. Waters*, 71 F.3d 158, 161 n. 2 (4th Cir.1995). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir.1993) (internal quotation marks and citation omitted). The court has reviewed the Rule 11 plea colloquy in this matter and is satisfied that Petitioner's plea was voluntary and knowing. (ECF No. 23-5, 44-46).

Next, Petitioner asserts the Magistrate Judge failed to address trial counsel's failure

to move to disqualify the trial judge due to alleged judicial misconduct. After reviewing the Petition for relief, the court notes that, Petitioner did not raise the issue of whether his trial counsel was ineffective for failing to move to disqualify the trial judge. Instead, in Petitioner's memorandum in support of his Petition for Habeas Corpus relief, he set forth a separate section labeled "Judicial Misconduct." (ECF No. 1-1 at 3). This section does not speak to a claim of ineffective assistance of counsel. Therefore, the issue of whether or not Petitioner's counsel was ineffective for failing to move to disqualify the trial judge was not before this court and did not need to be addressed by the Magistrate Judge.

## CONCLUSION

The Court has reviewed the Magistrate Judge's Report, Petitioner's objections, and the record and has conducted a de novo review of the issues raised in this case. The Court is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254 in light of the applicable law. Based on the forgoing, the Court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge to the extent it is consistent with this Order. Petitioner's objections are overruled. For the reasons set forth herein and in the Report of the Magistrate Judge, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.**

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue

or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

September 30, 2013
Spartanburg, South Carolina